IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK ALBERT BYERS, Jr.,           )<br>                                          )<br>                Plaintiff,     )<br>vs.                                     )<br>                                        )<br>KATHY HILL,                      )<br>DAN SPROUL,                   )<br>J. LeCLAIR, and              )<br>T. CRAWFORD,                 )<br>                                        )<br>                Defendants.     ) | Case No. 21-01317-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Patrick Byers, Jr., is an inmate in the custody of the Federal Bureau of Prisons (BOP). He filed this action in Illinois state court, while he was housed at the United States Penitentiary in Marion, Illinois (USP-Marion). (*See* Doc. 1-1). In his Complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Byers claims that the defendants unlawfully rejected or destroyed his incoming mail consisting of non-nude, non-sexually explicit photos from companies that accept orders from inmates. (Doc. 1-1, pp. 5-8). Byers brings claims against the defendants for violations of his federal constitutional rights and Illinois state law. (*Id*. at 7-8). He seeks monetary, declaratory, and injunctive relief.[1] (*Id*. at 9).

### The Complaint

According to the allegations in his Complaint, Byers is housed in USP-Marion's Communications Management Unit (CMU). All incoming and outgoing mail must be cleared by the Counter Terrorism Unit (CTU) before it is delivered to CMU inmates. For the past three years,

---

[1] He specifically seeks an order enjoining the defendants from rejecting or destroying his photos and requiring them to provide him with written notice of all rejection decisions. (*Id*. at 9).

1

Kathy Hill has served as USP-Marion's Intelligence Research Specialist and is responsible for scanning mail and making clearance decisions. Hill has repeatedly rejected or destroyed non-nude, non-sexually explicit photos addressed to Byers. She allegedly rejected the mail for personal religious reasons, even though the photos and catalogs contain no sexually explicit images and violate no prison regulations. Byers complained to Crawford, the mailroom supervisor, but Crawford just blamed Hill for all mail-related decisions. Byers believes that Hill and Crawford blamed each other to avoid liability for thousand of dollars in rejected or destroyed photos he has ordered over the years. Although Byers informed Warden Sproul and LeClair about the issue, they rubber-stamped decisions of Hill and/or Crawford.

## Discussion

Based on the allegations in the Complaint, the Court adopts Plaintiff's designation of the following claims in this *pro se* action:

**Count 1:** First Amendment establishment clause claim for money damages against Hill under *Bivens* for rejecting or destroying Byer's non-nude, non-sexually explicit mail based on her own religious beliefs and against Sproul and LeClair for condoning the misconduct.

**Count 2:** First Amendment establishment clause claim for injunctive relief under *Bivens* against Hill, Crawford, Sproul, and LeClair to prevent them from rejecting or destroying Byer's mail for personal religious reasons.

**Count 3:** First Amendment mail interference claim for money damages under *Bivens* against Hill, Crawford, Sproul, and LeClair for violating Byers' right to send and receive mail by rejecting and/or destroying non-nude, non-sexually explicit photos allowed by BOP policy and regulations.

**Count 4:** First Amendment mail interference claim for injunctive relief under *Bivens* against Hill, Crawford, Sproul, and LeClair to prevent them from violating Byers' right to send and receive mail by rejecting and/or destroying non-nude, non-sexually explicit photos allowed by BOP policy and regulations.

**Count 5:** Fifth Amendment mail interference claim for money damages under *Bivens* against Hill, Crawford, Sproul, and LeClair for rejecting or destroying Byers' non-nude, non-sexually explicit photos without notice.

| | |
|---|---|
| **Count 6:** | Fifth Amendment mail interference claim for injunctive relief under *Bivens* against Hill, Crawford, Sproul, and LeClair to prevent them from rejecting or destroying Byers' non-nude, non-sexually explicit photos without providing Byers notice or an opportunity to be heard. |
| **Count 7:** | Illinois civil conspiracy claim against Hill, Crawford, Sproul, and LeClair for engaging in a conspiracy to reject or destroy Byer's photos without procedural due process. |
| **Count 8:** | Illinois negligence claim against Hill, Crawford, Sproul, and LeClair for breaching their duty to provide Byers with his mail consisting of photos and photo catalogs, consistent with BOP policy and regulations. |
| **Count 9:** | Illinois replevin claim against Hill, Crawford, Sproul, and LeClair for return of Byers' property or damages. |
| **Count 10:** | Illinois detinue claim against Hill, Crawford, Sproul, and LeClair for destruction and failure to return Byers' property. |
| **Count 11:** | Illinois trespass to chattels claim against Hill, Crawford, Sproul, and LeClair for refusing to provide Byers with his photos. |
| **Count 12:** | Illinois conversion claim against Hill, Crawford, Sproul, and LeClair for rejecting and/or destroying Byers' photos. |
| **Count 13:** | Illinois intentional infliction of emotional distress claim against Hill, Crawford, Sproul, and LeClair for causing Byers to suffer extreme anxiety, anguish, and emotional pain by rejecting or destroying his photos. |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*.[2]

## Removal

Defendants removed the case from state court in Williamson County, Illinois, to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and, alternatively, the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679. Byers made no objection to removal. The Court finds that removal is proper.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**A.     Removal of Constitutional Claims under Federal Officer Removal Statute**

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), applies to officers of the United States who are sued in their official or individual capacity for acts under color of such office. Byers named the individual defendants for misconduct that occurred while they were acting under color of such office and in violation of the First and Fifth Amendments. Therefore, the individual defendants will remain named in connection with said claims in Counts 1 through 6.

**B.     Removal of State Tort Claims under the Westfall Act**

The Federal Employees Liability Reform and Tort Compensation Act of 1988 is a federal statute commonly referred to as the "Westfall Act." *See* 28 U.S.C. § 2679. For actions commenced in state court, the Westfall Act calls for removal to the federal district court "embracing the place in which the action or proceeding is pending." *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(2)). This federal judicial district encompasses Williamson County.

The Westfall Act grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *See Osborn*, 549 U.S. at 230 (citing 28 U.S.C. § 2679(b)(1)). It amended the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, to require substitution of the United States as a defendant in a tort suit brought against a government employee. *Id*. at 230. It empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," and renders the Attorney General's certification[3] "conclusiv[e] . . . for purposes of removal." *Id*. (citing 28 U.S.C. §§ 2679(b)(1), (d)(1), (2)). Upon such certification, the United States is substituted as

---

[3] A United States Attorney may issue the certification in lieu of the Attorney General. *See* 28 C.F.R. § 15.4(a). In the instant case, the United States Attorney delegated this authority to the Chief of the Civil Division, who certified that all Defendants were acting within the scope of their employment at the time of the incidents out of which the claims arose. (Doc. 1, ¶¶ 7-8).

defendant in place of the federal employee, and the employee is dismissed. *Id*. (citing § 2679(d)(2)). The action is then governed by the FTCA.

Here, the United States Attorney's designee certified that all the individual defendants were federal employees acting within the scope of their federal office or employment at the time of the events giving rise to the Complaint. (Doc. 1-2). Accordingly, the United States will be substituted as the sole defendant, in place of the individual defendants, for the state tort claims set forth in Counts 7 through 13. These claims will be governed by the FTCA.

### Section 1915A Review

This matter is now ready for review under 28 U.S.C. § 1915A. Because Byers is a prisoner, the Court is required to screen his Complaint and filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). All allegations in the *pro se* Complaint are liberally construed in favor of Byers.

### Counts 1 through 6

Byers claims that the individual defendants violated his rights under the First and Fifth Amendments by rejecting or destroying mail consisting of non-nude, non-sexually explicit photos and catalogs for their own personal religious reasons (Counts 1 and 2), to interfere with his right to receive mail (Counts 3 and 4), and in violation of his right to due process (Counts 5 and 6). He seeks money damages (Counts 1, 3, and 5) and injunctive relief (Counts 2, 4, and 6) in connection with these constitutional claims brought pursuant to *Bivens*.

In *Bivens*, the United States Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *See Carlson v. Green*, 446 U.S. 14, 18

5

(1980). The Supreme Court has recognized this implied right of action for money damages in only three contexts: a Fourth Amendment unreasonable search and seizure claim brought against federal officers in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 397 (1971); a Fifth Amendment denial of equal protection claim based on gender discrimination in *Davis v. Passman*, 442 U.S. 228 (1979); and an Eighth Amendment claim for inadequate medical treatment in *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has since warned lower courts to refrain from expanding this implied damages remedy into any next contexts, unless certain "special factors" counsel otherwise. *Ziglar v. Abbasi*, -- U.S. --, 137 S. Ct. 1843, 1854-55 (2017); *Egbert v. Boule*, -- U.S. --, 142 S.Ct. 1793 (2022). When determining whether a case presents a new context, courts consider the rank of the officers involved, the generality or specificity of the action taken, the extent of judicial guidance for the official conduct, the statutory or other legal mandate under which the officer was operating, and the risk of disruptive intrusion by the Judiciary into the functioning of other government branches, among other things. *Abbasi*, 137 S.Ct. at 1859-60. And, if a claim does exceed the narrow bounds of previously-recognized contexts, the court must also determine whether special factors weigh for or against recognition of such a claim. Special factors include "whether the Judiciary is well-suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed," and whether "there is an alternative remedial structure present in a certain case." *Abbasi*, 137 S.Ct. at 1858.

Byers' constitutional claims present new *Bivens* contexts, and special factors counsel hesitation in expansion of the implied damages remedy to encompass them. In cases that pre- and post-date *Abbasi*, courts have concluded that this remedy is unavailable. *See, e.g., Egbert v. Boule*, 142 S.Ct. 1793 (2022) (*Bivens* remedy unavailable for claim of retaliation for exercising a First Amendment right because expansion of damages remedy into this context would unduly inhibit

6

officials in discharging their official duties for fear of personal monetary liability); *Sharp v. Numsen*, 2022 WL 834421 (W.D. Wis. Mar. 21, 2022) (declining to extend *Bivens* to a First Amendment claim concerning alleged screening of inmate's mail); *Kluball v. Bell*, 2022 WL 782734, at *1-2 (C.D. Ill. Mar. 14, 2022) (dismissing at Section 1915A review a First Amendment court access claim as not a valid theory under *Bivens*); *Piggee v. McMillin*, 2022 WL 409682, at *1, 3 (C.D. Ill. Feb. 9, 2022) (declining to extend *Bivens* to a First Amendment claim alleging retaliation, and collecting cases indicating that *Bivens* should not be extended to First Amendment claims at Section 1915A screening); *Sargeant v. Barfield*, 2021 WL 2473805, at *1, 3 (N.D. Ill. 2021) (dismissing First Amendment claim alleging retaliation on grounds that precedent does not support extension of *Bivens* to such a claim); *Redmon-El v. Sullivan*, 2021 WL 4477814 (N.D. 2021) (concluding after briefing that *Bivens* should not be expanded to include First Amendment retaliation claims); *White v. True*, 2019 WL 3074528 (S.D. Ill. 2019) (concluding that the First Amendment should not be extended under *Bivens* to claims concerning a federal inmate's access to mail).

In *Sharp v. Numsen*, a district court declined to expand the implied damages remedy into the prison mail context under the First Amendment, after considering factors that include court interference with sensitive government functions, separation of powers, congressional authority to create prison damage remedies, systemwide costs and effects of extending *Bivens* in the prison mail context, and the chilling effect of *Bivens* remedies on prison duties. 2022 WL 834421 (W.D. Wis. Mar. 21, 2022). The Seventh Circuit declined to recognize a new theory of relief in a *Bivens* action premised on due process violations where a prisoner had alternative remedies through the BOP's administrative remedies program or another mechanism for relief under the Administrative Procedures Act (APA). *See Goree v. Serio*, 735 F. App'x 894, 895 (7th Cir. 2018); *White v. True*,

7

833 F. App'x 15, 18 (7th Cir. 2020) (affirming dismissal under § 1915A of Fifth Amendment damages claim for restriction on prisoner's correspondence with daughter). Other Courts have similarly declined to extend *Bivens* to due process claims. *See Vega v. United States*, 881 F.3d 1146, 1154-55 (9th Cir. 2018) (declining to recognize *Bivens* action for due process violation); *Harris v. Dunbar*, Case No. 17-cv-536-WTL, 2018 WL 3574736, at *3-4 (S.D. Ind. July 25, 2018) (declining to recognize *Bivens* action for due process violation in continued CMU placement). The same concerns weigh against expansion of *Bivens* here. Accordingly, the claims for money damages in Counts 1, 3, and 5 will be dismissed without prejudice.

The Court next considers whether the related claims for injunctive relief in Counts 2, 4, and 6 survive screening. Byers brings these claims against the government officials in their official capacities, and he seeks an order prohibiting them from rejecting or destroying his mail at USP-Marion without notice and an opportunity to be heard. The Court notes several problems with these claims. First, Byers appears to have transferred from USP-Marion, rendering his request for injunctive relief moot.[4]

Second, a *Bivens* claim cannot proceed against federal agents in their official capacities. *Bivens* claims are brought against relevant officials in their individual capacities, and such claims are for money damages. *Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002). As pled, Byers cannot proceed with his claims for injunctive relief under *Bivens*.

This does not mean injunctive relief is foreclosed to him. Byers may simply need to choose a different legal route. The APA allows claims for injunctive relief against the United States. *See*

---

[4] According to the BOP's website (www.bop.gov), Byers is not housed at USP-Marion. He is housed at USP-Victorville. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). His transfer out of USP-Marion would render any condition at USP-Marion moot, unless he can demonstrate that he will return to USP-Marion.

5 U.S.C. § 702; *Thomas v. Watts*, 2013 WL 3043686, at *1, * 5 (S.D. Ind. 2013).  A plaintiff can also bring a claim for injunctive relief against a federal official in his or her official capacity under the Court's general equitable powers, if that officer is responsible for implementing the injunctive relief sought.  *See, e.g., Lutz v. United States*, 2017 WL 2588073, *1-2 (C.D. Ill. 2017) (allowing a claim against a warden in official capacity because he would be the party responsible for carrying out injunctive relief); *Thomas*, 2013 WL 3043686, at *5 (allowing claim for injunctive relief to proceed against prison doctor, who was given opportunity to substitute different employee if doctor was not responsible for implementing the injunctive relief).  If the issue is ongoing, Byers may wish to bring a separate claim for injunctive relief against the high-ranking official at his present facility, who is responsible for implementing said relief.  But, because an official capacity *Bivens* claim is not the appropriate avenue to injunctive relief in Counts 2, 4, and 6, all three claims will be dismissed.

### Counts 7 through 13

The Federal Tort Claims Act (FTCA) governs the remaining claims against the United States.  The FTCA allows civil actions for money damages against the United States for personal injury or death caused by the negligent or wrongful act or omission of any Government employee while acting within the scope of his or her office or employment.  *See* 28 U.S.C. § 1346(b)(1).  When considering an FTCA claim, the Court looks to the law of the state where the misconduct occurred.  *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (court considering an FTCA claim looks to the state tort law of the state where the tortious conduct occurred).  In this case, Byers' FTCA claims are all governed by Illinois state law.

These claims do not satisfy the *Twombly* pleading standard.  Byers simply sets forth a list of claims under Illinois law, with little more.  He does not address the elements of the claims.  He

9

offers no factual allegations in support of them.  Because each of the claims in Counts 7 through 13 are undeveloped, Byers has not articulated a plausible FTCA claim against the United States.  Accordingly, Counts 7 through 13 will be dismissed without prejudice for failure to state any claim upon which relief may be granted.

### Pending Motions

The Motion for Payment of Removal Petition Filing Fees (Doc. 9) is **DISMISSED** as **MOOT**.  Byers owes no removal petition filing fees.

The Motion for Service of Process at Government Expense (Doc. 10) is **DISMISSED** as unnecessary.

### Disposition

**IT IS ORDERED** that although the Complaint (Doc. 1-1) was properly removed to this Court, it does not survive preliminary review under 28 U.S.C. § 1915A and is **DISMISSED** without prejudice for failure to state a claim for relief against the defendants.

**IT IS ORDERED** that **COUNTS 1, 2, 3, 4, 5,** and **6** are **DISMISSED** without prejudice against **ALL DEFENDANTS**.

**IT IS ORDERED** that the **UNITED STATES** is **SUBSTITUTED** in place of the **INDIVIDUAL DEFENDANTS** in **COUNTS 7, 8, 9, 10, 11, 12,** and **13**, and the **INDIVIDUAL DEFENDANTS** are **DISMISSED** with prejudice in connection with these claims.  In addition, **COUNTS 7, 8, 9, 10, 11, 12,** and **13** are **DISMISSED** without prejudice against the **UNITED STATES** because the allegations articulate no claim against this defendant under the Federal Tort Claims Act.  The Clerk's Office is **DIRECTED** to **ADD** and **TERMINATE** the **UNITED STATES** as a defendant in CM/ECF.

On or before **September 6, 2022**, Byers is **GRANTED** leave to file a "First Amended Complaint."  Should he fail to file an amended complaint within the allotted time or consistent

with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Byers use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-01317-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces prior versions, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The amended complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider.  The amended complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  8/9/2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**